1
2
3
4
5
6
7

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KELVIN MORGAN,

        Plaintiff,

  v.

US BANK NATIONAL ASSOCIATION, ET AL.,

        Defendants.

_____/

No. C 12-03827 CRB

**ORDER GRANTING MOTION TO DISMISS**

      This is a motion to dismiss Plaintiff Kelvin Morgan's action against Defendants US Bank National Association, Mortgage Electronic Registration Systems, Inc. (MERS), and Wells Fargo Bank.  Plaintiff alleges thirteen causes of action against Defendants, but the overall theory of his case is that Defendants did not own the Note and therefore had no right to foreclose.  Compl. (dkt. 1) ¶ 18.  Because that theory has been thoroughly rejected by courts in this District, and because Plaintiff fails to state a claim for the specific causes of action he alleges, the Court GRANTS the motion to dismiss on all counts, with leave to amend only as to the negligence claim.

## I.      BACKGROUND

      Defendants in this case have already foreclosed on Plaintiff's home and now seek to evict him.  Id.  Plaintiff brings suit contending that "the foreclosure is/was void in effect

because Defendants did not actually own Plaintiff's Note." Id.  The Complaint attaches none of the loan documents, but Defendants filed the relevant loan documents as a Request for Judicial Notice.  RJN (dkt. 8), Exs. A-M.

Plaintiff owned a home at 53 Via Pescara in American Canyon, California.  Compl. ¶ 8.  Plaintiff claims that on or around June 23, 2005, he obtained a mortgage loan from Advantix Lending, Inc. and executed a Note and Deed of Trust "in favor of Advantix and MERS as a nominal beneficiary." Id. ¶ 8, 19.  Then, Advantix allegedly securitized the Note by transferring the "Note and Deed of Trust to the Sasco 2005-WF4 trust" (Trust). Id. ¶ 3, 20.  Plaintiff claims that the Trust was formed by Pooling and Servicing Agreements (PSAs) and closed on or around August 31, 2005. Id. ¶ 28.  US National Bank (Trustee) purportedly acted as trustee and retained Wells Fargo (Servicer) to service the trust loans. Id.  ¶ 8.  However, according to Plaintiff, Defendants failed to register the Trust with the Securities and Exchange Commission, so copies of the PSA are allegedly not available to Plaintiff.  Id. Fidelity National Title company (Foreclsoing Trustee) ultimately foreclosed on Plaintiff's property.  Id.

Plaintiff states that it is Defendant's position that the Trust owns the mortgage.  Id. ¶ 26.  Conversely, Plaintiff contends that the Trust does not own the mortgage, lacks standing to foreclose, and "should be required to prove that they are in fact the owner of the Plaintiff's mortgage note and that they had the right to foreclose."  Id.  It is Plaintiff's belief that "Advantix still has the rights conveyed, including the right to a non-judicial foreclosure, under the deed of trust." Id. ¶ 29.

According to Plaintiff, the Note was never securitized because "the Note and Deed of Trust were not assigned to the Trust until July 29, 2009, well past the August 31, 2005 Closing date."  Id.  This was allegedly a violation of the PSA and prevented the loan from becoming part of the Trust.  Id.  Similarly, Plaintiff claims that his Note was not "properly endorsed, transferred, accepted, and deposited in the Trust on or before the 'closing dates,'" id. ¶ 37, and that the Note lacks a complete chain of endorsements. Id. ¶ 32.  This allegedly violated the terms of the PSA. Id. ¶ 37.

**United States District Court**
For the Northern District of California

1   Plaintiff brings thirteen causes of action: (1) Declaratory Relief pursuant to 28 U.S.C.

2   §§ 2201, 2202; (2) Negligence; (3) Quasi Contract; (4) violation of the Helping Families

3   Save Their Homes Act of 2009 (TILA), 15 U.S.C. § 1641(g); (5) violation of the Fair Debt

4   Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*; (6) violation of Cal. Business

5   & Professions Code §§ 17200, 17500; (7) Accounting; (8) Constructive Trust; (9) Wrongful

6   Foreclosure and Set Aside Trustee's Sale; (10) Void or Cancel Trustee's Deed Upon Sale;

7   (11) Quiet Title; (12) Breach of Contract; and (13) Civil Conspiracy.

8   **II.     LEGAL STANDARD**

9   A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims

10  alleged in a complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

11  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain

12  statement of the claim showing that the pleader is entitled to relief."  "Detailed factual

13  allegations" are not required, but the Rule does call for sufficient factual matter, accepted as

14  true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662,

15  678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

16  According to the Supreme Court, "a claim has facial plausibility when the plaintiff pleads

17  factual content that allows the court to draw the reasonable inference that the defendant is

18  liable for the misconduct alleged."  Id.  In determining facial plausibility, whether a

19  complaint states a plausible claim is a "context-specific task that requires the reviewing court

20  to draw on its judicial experience and common sense."  Id. at 679.  Allegations of material

21  fact are taken as true and construed in the light most favorable to the nonmoving party.

22  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

23  A complaint should not be dismissed without leave to amend unless it is clear that the

24  claims could not be saved by amendment.  Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th

25  Cir. 2007).

26  //

27  //

28  //

1    **III.    DISCUSSION**

2        **A.    Plaintiff's Theories**

3        Plaintiff's complaint is based on four related theories.  First, that the loan was

4    improperly securitized because Defendants violated the terms of the PSA and they therefore

5    have no enforceable rights as to the property.  Compl. ¶¶ 29-33, 37-38, 55.  Secondly, that

6    "none of Defendants were present holders in due course of Plaintiff's Note such that they can

7    enforce Plaintiff's obligation and demand mortgage payments."  Id. ¶ 41.  Third, that

8    substitution of the Foreclosing Trustee was void because it was executed not by Advantix,

9    but by Defendants in this case.  Id. ¶ 47.  Accordingly, Plaintiff alleges that "Foreclosing

10   Trustee did not have standing to initiate a foreclosure action . . . ."  Id. ¶ 62.  Finally, Plaintiff

11   alleges that "Trustee has already been paid in full on Plaintiff's debt obligation" because the

12   Trust has been "dismantled due to the disbursement and receipt of mortgage insurance

13   payouts to Trustee . . . ."  Id. ¶ 43.

14       **1.    Improper Securitization Due to Violation of the PSA**

15       Plaintiff claims that the Note was not properly securitized because (1) the loan was

16   assigned to the Trust on July 29, 2009, but the Trust's closing date was long before —

17   around August 31, 2005; and (2) no chain of endorsements was put in place at the closing

18   date as purportedly required by the PSA.  Id. ¶¶ 28-32.  With respect to the first reason,

19   Plaintiff states that "[b]y the PSA's own likely[1] terms, Plaintiff's Note could not have been a

20   part of the Trust."  Id. ¶ 29.  Apparently, this is because the "PSA requires [a] complete chain

21   of endorsements to be in place by the Trust's Closing Date or under no circumstances later

22   than 90 days after the Trust's Closing Date."  Id. ¶ 31.  However, "[t]o the extent Plaintiff

23   bases [his] claims on the theory that [Trustee] allegedly failed to comply with the terms of

24   the PSA, the court finds that [he] lacks standing to do so because [he] is neither a party to,

25   nor a third party beneficiary of, that agreement."  Sami v. Wells Fargo Bank, No. C 12-00108

26   DMR, 2012 WL 967051, at *6 (N.D. Cal. Mar. 21, 2012); Robinson v. BAC Home Loans

27   _____

28       [1]As mentioned above, Plaintiff does not have a copy of the actual PSA because he claims it was
     never filed with the SEC.  So, Plaintiff is guessing as to the "likely" terms of the PSA based on similar
     transactions.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

_Servicing, LP_, No. CV11-1920-PHX-JAT, 2012 WL 1520125, at *4 (D. Ariz. May 1, 2012) (same); _Frazer v. Deutsche Bank Nat'l Trust Co._, No. 11-CV-5454 RBL, 2012 WL 1821386, at *2 (W.D. Wash. May 18, 2012) (same).  Accordingly, the theory lacks merit.

### 2.    Holder in Due Course

Plaintiff points to California Commercial Code Section 3301's limitations on persons entitled to enforce a negotiable instrument to allege that "none of [the] Defendants were present holders in due course of Plaintiff's Note . . . ."  Compl. ¶¶ 40-41.  Defendants correctly point out that this argument has been repeatedly rejected by the courts.

California Civil Code §§ 2924 _et seq._ comprehensively regulates non-judicial foreclosure under deeds of trust.  _Cilluffo v. Washington Mut._, No. C09-02518 HRL, 2010 WL 431896, at *3 (N.D. Cal. Feb. 2, 2010) (citing _Moeller v. Lien_, 25 Cal. App. 4th 822, 830 (Ct. App. 1994)).  "California courts have consistently held that the Civil Code provisions cover every aspect of the foreclosure process and are 'intended to be exhaustive.'" _Gardner v. Am. Home Mortg. Servicing, Inc._, 691 F. Supp. 2d 1192, 1202 (E.D. Cal. 2010) (internal quotations and citations omitted).  Under California Civil Code section 2924(a)(1), a non-judicial foreclosure may be initiated by a "trustee, mortgagee, or beneficiary, or any of their authorized agents . . . ."  Cal. Civ. Code § 2924(a)(1).  "Contrary to Plaintiff's assertions, the party initiating the foreclosure process need not be in possession of the note." _Gardner_, 691 F. Supp. 2d at 1202; _Cilluffo_, 2010 WL 431896, at *3 ("A number of courts addressing this issue have concluded that under California law, there is no requirement that the trustee possess the original promissory note prior to a non-judicial foreclosure sale."). Furthermore, "even if defendants lack a beneficial interest in plaintiff['s] note[], such an interest is unnecessary 'to commence a non-judicial foreclosure sale.'"  _Rosas v. Carnegie Mortg., LLC_, No. CV 11-7692 CAS CWX, 2012 WL 1865480, at *7 (C.D. Cal. May 21, 2012) (quoting _Lane v. Vitek Real Estate Indus. Group_, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010).  Accordingly, this theory lacks merit.

//

//

### 3.    Substitution of Trustee

Plaintiff also claims that "Advantix failed to file a valid Substitution of Trustee, substituting Foreclsoing Trustee as the new trustee" in violation of Provision 24 of the Deed of Trust and Cal. Civ. Code section 2934(a).  Compl. ¶ 47.  The substitution is allegedly void because it was not executed by Advantix, but by Defendants in this case.  Id.  Plaintiff alleges, and alleged at the motion hearing, that "Trustee claims to have the power to record the substitution but never had a valid assignment of the Deed of Trust."  Id.  However, as Defendant outlines in the motion to dismiss, the title is unbroken and the foreclosing trustee was properly named.

> On April 24, 2007, Advantix transferred all of its beneficial interest in the Deed of Trust to Wells Fargo Bank.  (RJN Ex. C.)  Thereafter, Wells Fargo Bank executed a Substitution of Trustee, in which it replaced the original trustee, Fidelity National Title, with First American Loanstar Trustee Services ("First American Loanstar").  (RJN Ex. E.)  By a document recorded on July 29, 2009, Wells Fargo transferred its interest in the Deed of Trust to US Bank.  (RJN Ex. F.)  US Bank subsequently replaced First American Loanstar with Fidelity National Title Company, which acted as the foreclosing trustee.  (RJN Ex. K.)

MTD (dkt. 7) at 10.

Plaintiff also alleges that Trustee and Servicer submitted a "blatantly fabricated 'Assignment', thereby committing fraud on the court, and misleading the Plaintiff into believing that Trustee and/or the Trust were Plaintiff's actual creditors . . . ."  Id. ¶ 44. Plaintiff's fraud claims do not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Rule 9(b) requires a party "alleging fraud or mistake [to] state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The rule also "requires an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz, 476 F.3d at 764 (internal quotation marks omitted).  Therefore, this theory also fails.

### 4.    Payment in Full

Plaintiff alleges that "Trustee has already been paid in full on Plaintiff's debt obligation" because the Trust has been "dismantled due to the disbursement and receipt of mortgage insurance payouts to Trustee . . . ."  Compl. ¶ 43.  In addition, Plaintiff claims that Foreclosing Trustee "was either a wholly owned subsidiary of Trustee and/or Servicer" which

allowed Defendants to foreclose the property "without any question as to the authenticity of title or the legality of the sale itself." Id. ¶ 45.  However, as shown above, the chain of title was unbroken, and Defendants did not require a beneficial interest in the Note to foreclose. Accordingly, this theory also fails.

**B.    Plaintiff's Causes of Action**

Plaintiff's causes of actions rely on the success of his above outlined theories.  Because those theories are flawed, many of his causes of actions automatically fail.  However, they fail to state a claim individually as well.

### 1.    The Uncontested Claims Are Dismissed

Defendant moves to dismiss all of Plaintiff's claims.  See MTD.  Plaintiff's Opposition to Defendant's motion states that Plaintiff "does not oppose the motion as it relates to" the claims for (1) accounting; (2) quasi contract; (3) constructive trust; (4) breach of contract; (5) civil conspiracy; (6) void or cancel trustee's sale; and (7) unfair competition.  Opp'n (dkt. 14) at 10.  Plaintiff concedes that those claims "either duplicate other claims or [are] not well suited to the present circumstances." Id.  Accordingly, these seven claims are dismissed.  This Order will address just the six remaining claims.

### 2.    Declaratory Relief

Plaintiff asks this Court to find that "none of the named Defendants or Doe Defendants have any right or interest in Plaintiff's Note or Deed of Trust, in fact or as a matter of law, and therefore cannot foreclose or collect mortgage payments."  Compl. ¶ 87.  But, the Declaratory Judgment Act "simply provides a remedy for disputes already within the realm of federal jurisdiction." Cok v. Forte, 877 F. Supp. 797, 802 (D.R.I. 1995) aff'd, 69 F.3d 531 (1st Cir. 1995).  The statute "does not itself confer federal subject-matter jurisdiction." Fid. & Cas. Co. v. Reserve Ins. Co., 596 F.2d 914, 916 (9th Cir. 1979).  To grant declaratory relief, a district court must find "actual controversy," which is "definite and concrete . . . real and substantial." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937).  Even if an independent cause of action for declaratory relief could be brought in state court, it cannot be brought in federal court. Via Techs., Inc. v. SONICBlue Claims LLC, No.

**United States District Court**
For the Northern District of California

7

09-cv-2109, 2010 U.S. Dist. LEXIS 59709, *8-*9 (N.D. Cal. June 16, 2010).  Plaintiff has not established federal jurisdiction over his claims under any other section, and so has no valid cause of action under the Declaratory Judgment Act.

### 3.    Negligence

Plaintiff claims that Trustee owed a duty of reasonable care to Plaintiff that Trustee breached when it "directed the Foreclosing Trustee to declare a default and initiate foreclosure . . . ."  Compl. ¶ 87.  Plaintiff also alleges that Servicer had a fiduciary duty to "properly collect payments, distribute payments, debit the Plaintiff's accounts and credit the Plaintiff's accounts."[2]  Id. ¶ 89.  However, as Defendants correctly point out, lenders and servicers such as Wells Fargo, and beneficiaries such as US Bank, do not owe borrowers a legal duty in tort.

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Lopez v. GMAC Mortg., No. CV F 11-1795 LJO JLT, 2011 WL 6029875, at *12 (E.D. Cal. Dec. 5, 2011) (quoting Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991).  Furthermore, "[a] trustee under a deed of trust is not a true trustee that owes fiduciary duties to the trustor."  In re Cedano, 470 B.R. 522, 534 (B.A.P. 9th Cir. 2012).   In addition, "loan servicers do not owe a duty to the borrowers of the loans they service."  Bascos v. Fed. Home Loan Mortg. Corp., No. CV 11-3968-JFW JCX, 2011 WL 3157063, at *7 (C.D. Cal. July 22, 2011) (quoting Osei v. GMAC Mortg., No. 209CV02534JAMGGH, 2010 WL 2557485, at *4 (E.D. Cal. June 21, 2010).  Because Plaintiff does not state facts to support an allegation that Defendants' role went beyond the scope of a conventional lender of money, the lender had no duty to the Plaintiff and he has therefore not stated a claim for negligence, and this claim is dismissed without prejudice.  See Marks v. Ocwen Loan Servicing, C 07-2133SI, 2009 WL 975792, at*5 (N.D.

---

[2]Servicer allegedly breached this duty by "applying to Plaintiff's account charges which are illegal, unauthorized, or improper and servicing the Plaintiff's loan in a manner that is commercially unreasonable and by creating a false default or exacerbating a default for the purposes of unjustly enriching themselves and other defendants."  Id. ¶ 91.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   Cal. Apr. 10, 2009). Plaintiff may add, upon amendment, allegations showing that

2   Defendant's role went beyond the scope of a conventional lender thereby creating a duty.

3            **4.    TILA**

4            Plaintiff claims that Trustee violated the Truth in Lending Act (TILA), 15 U.S.C §

5   1641, by failing to provide timely written notice of the assignment of the loan. Compl. ¶¶

6   107-108. Pursuant to 15 U.S.C. § 1641(g), when a "mortgage loan is sold or otherwise

7   transferred or assigned to a third party," a "creditor that is the new owner" is required to

8   "notify the borrower." 15 U.S.C. § 1641(g). Plaintiff claims that this section applies to

9   Trustee "as the alleged assignee of Plaintiff's loan." Compl. ¶ 104. TILA defines a creditor

10  as a person who (1) regularly extends consumer credit, and (2) is the person to whom the debt

11  arising from the transaction is initially payable. 15 U.S.C. § 1602(f); Boles v. Mescorp, Inc.,

12  No. 08-1989, 2009 WL 734133, at *3 (C.D. Cal. Mar. 18, 2009). The Ninth Circuit has

13  repeatedly found that a trustee is not a creditor as defined by TILA. See, e.g., Hargis v.

14  Washington Mut. Bank., No. 10-02341, 2011 WL 724390, at *2 (N.D. Cal. Feb. 22, 2011).

15  Because a trustee is not a creditor according to TILA, Plaintiff's claim that his home was

16  foreclosed on due to Trustee's violations of section 1641(g) fails to state a claim.[3] Compl.

17  ¶ 112.

18           **5.    FDCPA**

19           Plaintiff alleges that "Trustee, as the purported assignee, and Servicer" violated the

20  FDCPA in several ways. Id. ¶ 117. Defendant points out that a "mortgage servicer does not

21  fall within the FDCPA's definition of a "debt collector" making the statute inapplicable.

22  MTD at 10. But, Plaintiff claims that the debt was assigned after Plaintiff defaulted, which

23  changed the status of Trustee and Servicer from "debt servicer" to "debt collector" for

24

---

25           [3]Plaintiff alleges damages including "over calculation and overpayment of interest on Plaintiff's
    loan, the costs of repairing Plaintiff's credit, the reduction and/or elimination of Plaintiff's credit limits,
26  costs associated with removing the cloud on the title of Plaintiff's Property, and attorney's fees and
    costs." Id. ¶ 111. Defendant argues that "this is a generalized catalogue of grievances . . . [that] do not
27  fall within the aegis of Section 1641(g), and even if they did, they would nonetheless be insufficient
    to satisfy the basic federal pleading requirements." MTD at 10. This Order need not reach these
28  arguments because the fact that a Trustee is not a creditor makes section 1641(g) inapplicable as a
    threshold issue.

9

United States District Court
For the Northern District of California

1  purposes of the Act.  Opp'n at 5-6.  ("Wells Fargo assigned its interest in the note to US Bank
2  in its capacity as trustee to the investment trust on July 7, 2009 and [] the note was delinquent
3  at least as of June 6, 2009.").  Although Plaintiff's claim has some initial appeal, analysis of
4  the FDCPA shows that despite the post-default debt transfer, neither Trustee nor Servicer was
5  a debt collector.

6      For purposes of the FDCPA, a "debt collector" is "(1) any person who uses any
7  instrumentality of interstate commerce or the mails in any business the principal purpose of
8  which is the collection of any debts, or (2) who regularly collects or attempts to collect,
9  directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. §
10  1692(a)(6).  Excluded from the definition of debt collector is "any person collecting or
11  attempting to collect any debt owed or asserted to be owed or due another to the extent such
12  activity . . . (iii) concerns a debt which was not in default at the time it was obtained."  15
13  U.S.C. § 1692(a)(6)(F).  Additionally, under the FDCPA, a creditor is "any person who offers
14  or extends credit creating a debt or to whom a debt is owed, but such term does not include
15  any person to the extent that he receives an assignment or transfer of a debt in default solely
16  for the purpose of facilitating collection of such debt for another."  15 U.S.C. § 1692a(4).
17  Accordingly, collecting debt not for another, whether or not the debt assigned is in default,
18  makes one a creditor, not a debt collector.  This is in keeping with the legislative history of the
19  FDCPA, which highlights Congress's intent to police the coercive, unrestrained activities of
20  third party debt collectors as distinct from debt servicers.  See McKinney v. Cadleway, 548
21  F.3d 496, 501 (7th Cir. 2008).

22      Indeed, as this Court previously noted in Thomas v. Deutsche Bank Nat'l Trust, the
23  "vast majority of district courts within the Ninth Circuit to have considered the issue have
24  concluded that the FDCPA does not apply to action taken by lenders or their agents when
25  foreclosing on the lender's security interest under a deed of trust, in a non-judicial foreclosure
26  of property."  No. C 12-00472 CRB, 2012 WL 1600434, at *4 (N.D. Cal. May 7, 2012)
27  (quoting Cromwell v. Deutsche Bank Nat'l Trust Co., No. C 11-2693 PJH, 2012 WL 244928,
28

**United States District Court**
For the Northern District of California

1  at *2 (N.D. Cal. Jan. 25, 2012)).  Accordingly, Plaintiff has not stated a claim under the

2  FDCPA.

3       **6.      Quiet Title / Wrongful Foreclosure and Set Aside Trustee's Sale**

4       Plaintiff lacks standing to quiet title on the subject property and to set aside the

5  trustee's sale because such actions are in equity and thus require a tender offer.  "A tender is

6  an offer of performance made with the intent to extinguish the obligation." <u>Still v. Plaza</u>

7  <u>Arina Commercial Corp.</u>, 21 Cal. App. 3d 378, 385 (1971) (citing Cal. Civ. Code § 1485).  A

8  party "seeking to quiet title in the face of a foreclosure must allege tender or offer of tender of

9  the amount borrowed." <u>Mangindin v. Wash. Mut. Bank</u>, 637 F. Supp. 2d 700, 712 (N.D. Cal.

10  2009); <u>see also</u> <u>Aguilar v. Bocci</u>, 39 Cal. App. 3d 475, 477 (1974) (a plaintiff cannot "quiet

11  title without discharging his debt.  The cloud upon his title persists until the debt is paid.").

12  Likewise "[i]t is settled that an action to set aside a trustee's sale for irregularities in sale

13  notice or procedure should be accompanied by an offer to pay the full amount of the debt for

14  which the property was security." <u>Arnolds Mgmt. Corp. v. Eischen</u>, 158 Cal. App. 3d 575,

15  580 (Ct. App. 1984) (internal citations and quotations omitted).  "A valid and viable tender of

16  payment of the indebtedness owing is essential to an action to cancel a voidable sale under a

17  deed of trust." <u>Karlsen v. American Sav. & Loan Assn.</u>, 15 Cal. App. 3d 112, 117 (Ct. App.

18  1971).  The "rationale behind the rule is that if plaintiffs could not have redeemed the

19  property had the sale procedures been proper, any irregularities in the sale did not result in

20  damages to the plaintiffs." <u>Tamburri v. Suntrust Mortg., Inc.</u>, No. C-11-2899 EMC, 2011 WL

21  6294472, *3 (N.D. Cal. Dec. 15, 2011) (internal quotations and citations omitted).

22       In sum, "a trustor seeking to set the sale aside is required to do equity before the court

23  will exercise its equitable powers."  4 Miller & Starr, <u>Cal. Real Estate</u> (3rd ed. 2000) §

24  10:212; <u>Karlsen</u>, 15 Cal. App. 3d at 117 ("Equity will not interpose its remedial power in the

25  accomplishment of what seemingly would be nothing but an idly and expensively futile act . .

26  . .").  Tender must be (1) in full; (2) unconditional; and (3) made in good faith, and a plaintiff

27  alleging an offer of tender must additionally possess the ability to perform.  Cal. Civ. Code §§

28  1493-95.

Here, Plaintiff does not dispute that he is in default, Compl. ¶ 17, but does not make a tender offer.  In his Complaint, Plaintiff argues that he has no tender requirement because "the foreclosure sale was void and to require 'tender' would disregard the essence of Plaintiff's claims; that is, that Defendants are not the actual owners of their Note."  Id. ¶ 18.  However, as shown above, Plaintiff has not shown that Defendants did not have the right to foreclose. In his Opposition, Plaintiff argues that an exception to the tender rule applies because the foreclosure in this case "is not merely voidable but void."  Opp'n at 9.  Plaintiff cites to Tamburri for the proposition that "where a sale is void, rather than simply voidable, tender is not required."  2011 WL 6294472, at*4.  However, as Defendants correctly point out, the Tamburri case holds that when a notice defect is at issue, the determining factor is "whether the deed of trust contains a provision providing for a conclusive presumption of regularity of sale."  Id. at *5 (citing Little v. CFS Serv. Corp., 188 Cal. App. 3d 1354, 1359 (Ct. App. 1987)).  Here, the Deed of Trust provides: "recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein."  MTD, Ex. B, ¶ 22.  A sale is void only where there has been notice defect and no conclusive presumption language in the deed. Tamburri, 2011 WL 6294472, at *5.  As such, because of the deed's conclusive presumption language, the sale was "voidable," not "void," and Plaintiff's argument fails because these circumstances do not fit within an exception to the tender rule required for this equity action.

## IV.      CONCLUSION

For the foregoing reasons, the Court GRANTS this motion to dismiss as to all claims. Leave to amend is GRANTED only as to the negligence claim.  Plaintiff must amend, if he wishes to do so, within twenty days of this Order or he faces dismissal of the entire action with prejudice.

**IT IS SO ORDERED.**

Dated: December 7, 2012                                  _____

CHARLES  R. BREYER
UNITED STATES DISTRICT
JUDGE