IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN MORGAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>US BANK NATIONAL ASSOCIATION, ET AL.,<br><br>　　　　Defendant.<br> _____ / | No. C 12-03827 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |

　　This is a motion to dismiss Plaintiff Kelvin Morgan's First Amended Complaint (FAC) against Defendants US Bank National Association, Mortgage Electronic Registration Systems, Inc. (MERS), and Wells Fargo Bank. See generally MTD (dkt. 23). The FAC includes a single cause of action, for negligence. See generally FAC (dkt. 22). Because that cause of action fails to state a claim, even after amendment, the Court GRANTS Defendant's motion, with prejudice.

## I.   BACKGROUND

　　The Court included a detailed background of this case in its Order of December 7, 2012 (dkt. 20) (hereinafter "Order"), and so provides only a summary here.

　　In June of 2005, Plaintiff obtained a refinance loan of $680,000 from Advantix Lending, Inc. FAC ¶ 17. In 2009, Plaintiff requested a loan modification and Wells Fargo granted him a Home Affordable Modification Program Loan Trial Period. Id. ¶ 28. Although Plaintiff made all of the required payments, Wells Fargo did not give Plaintiff a

permanent loan modification. Id. Wells Fargo denied Plaintiff's loan modification request in March 2012, stating that his gross monthly income was $12,963.35, which was too high to qualify; in fact, his gross monthly income was around $7,618.79. Id. ¶ 29. Wells Fargo re-reviewed Plaintiff's application, determined that his gross monthly income was indeed $7,618.79, but again denied his application. Id. ¶ 30. Wells Fargo asserted that it was "unable to adjust the terms of the loan to achieve an affordable payment reflective of 10% to 55% of the borrower's gross monthly income," but Plaintiff asserts that "[i]t was absolutely possible to adjust the terms of the loan to be in 10% to 55% of the borrower's gross monthly income." Id.

US Bank foreclosed on Plaintiff's property in June 2012. Id. ¶ 31. Plaintiff brought suit in July 2012, alleging thirteen causes of action: (1) Declaratory Relief pursuant to 28 U.S.C. §§ 2201, 2202; (2) Negligence; (3) Quasi Contract; (4) violation of the Helping Families Save Their Homes Act of 2009 (TILA), 15 U.S.C. § 1641(g); (5) violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*; (6) violation of Cal. Business & Professions Code §§ 17200, 17500; (7) Accounting; (8) Constructive Trust; (9) Wrongful Foreclosure and Set Aside Trustee's Sale; (10) Void or Cancel Trustee's Deed Upon Sale; (11) Quiet Title; (12) Breach of Contract; and (13) Civil Conspiracy. See Order at 3.

In December 2012, rejecting Plaintiff's "overall theory of the case,"[1] the Court granted Defendants' motion to dismiss the original Complaint, and allowed Plaintiff leave to amend only the negligence claim. Id. at 1. The Court noted that Plaintiff had alleged that "Trustee owed a duty of reasonable care to Plaintiff that Trustee breached when it 'directed the Foreclosing Trustee to declare a default and initiate foreclosure . . . .' [cite]" and "that Servicer had a fiduciary duty to 'properly collect payments, distribute payments, debit the Plaintiff's accounts and credit the Plaintiff's accounts.'" Order at 8. The Court found, however, that "lenders and servicers such as Wells Fargo, and beneficiaries such as US Bank,

---

[1] Plaintiff's overall theory was that Defendants did not own the Note and did not have the authority to foreclose. Id. at 1.

2

1  do not owe borrowers a legal duty in tort." Id.  The Court held that "[b]ecause Plaintiff does
2  not state facts to support an allegation that Defendants' role went beyond the scope of a
3  conventional lender of money, the lender had no duty to the Plaintiff and he has therefore not
4  stated a claim for negligence." Id.  The Court gave Plaintiff leave to amend, stating that
5  "Plaintiff may add, upon amendment, allegations showing that Defendant's role went beyond
6  the scope of a conventional lender thereby creating a duty." Id. at 9.

7  Plaintiff timely amended his negligence claim, see FAC ¶¶ 85-90, and Defendants
8  again move to dismiss, see generally MTD.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). According to the Supreme Court, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

A complaint should not be dismissed without leave to amend unless it is clear that the claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007).

//

//

3

### III. DISCUSSION

Defendants' motion to dismiss argues first that Plaintiff's theories regarding the securitization of the loan are flawed, and second that Plaintiff still does not state a claim for negligence. See generally MTD. The first argument is correct, as the Court already held in its earlier Order. See Order at 4-7 ("Plaintiff's Theories"). This Order therefore only addresses Defendants' second argument: that Plaintiff's amendments to the negligence cause of action are insufficient. That argument is also correct.

The elements of a negligence cause of action under California law are (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. Paz v. California, 22 Cal. 4th 550, 557-58 (2001). The element that the Court found wanting in Plaintiff's original Complaint was the duty to exercise due care. See Order at 8-9.

The FAC's negligence cause of action alleges three sources of such a duty. See FAC ¶¶ 85-90. First, it alleges that "Wells Fargo owed a duty of care to adhere to a standard of reasonable care while performing any acts that could foreseeably harm others." Id. ¶ 86. Second, it alleges that "Wells Fargo, as a servicer, owed Plaintiff a duty to properly collect payments, distribute payments, debit the Plaintiff's accounts and credit the Plaintiff's accounts." Id. ¶ 87. Third, it alleges that "Wells Fargo owed Plaintiff a duty to act in a reasonable manner in dealing with Plaintiff's loan modification requests." Id. ¶ 36.[2] The FAC further alleges that US Bank is liable for Wells Fargo's actions. Id. ¶ 37. There are no negligence allegations pertaining to MERS.[3]

The allegations as to the first two sources of a duty are not substantively different than those in the original Complaint. See, e.g., Compl. (dkt. 1) ¶ 87 ("Trustee owed a duty of care to discharge its contractual duties . . . with reasonable care"), ¶ 89 ("Servicer owed Plaintiff an additional fiduciary duty to properly collect payments, distribute payments, debit the

---

[2] The paragraph numbers in the FAC are jumbled, but the Court cites them as they are.

[3] Accordingly, MERS is dismissed from the case for this reason as well.

4

1 Plaintiff's accounts and credit the Plaintiff's accounts"). As the Court explained in its earlier

2 Order, such allegations are insufficient:

> "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Lopez v. GMAC Mortg., No. CV F 11-1795 LJO JLT, 2011 WL 6029875, at *12 (E.D. Cal. Dec. 5, 2011) (quoting Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991)). Furthermore, "[a] trustee under a deed of trust is not a true trustee that owes fiduciary duties to the trustor." In re Cedano, 470 B.R. 522, 534 (B.A.P. 9th Cir. 2012). In addition, "loan servicers do not owe a duty to the borrowers of the loans they service." Bascos v. Fed. Home Loan Mortg. Corp., No. CV 11-3968-JFW JCX, 2011 WL 3157063, at *7 (C.D. Cal. July 22, 2011) (quoting Osei v. GMAC Mortg., No. 209CV02534JAMGGH, 2010 WL 2557485, at *4 (E.D. Cal. June 21, 2010)).

Order at 8.[4]

The third duty, based on "dealing with Plaintiff's loan modification requests," FAC ¶ 36, is new, but also insufficient. Some courts have found that a lender undertakes a duty of care when it offers a loan modification. See, e.g., Ansanelli v. JPMorgan Chase Bank, N.A., No. 10-03892 WHA, 2011 WL 1134451, at *1 (N.D. Cal. March 28, 2011). The more persuasive reasoning, however, is that, even where a lender offers a loan modification, that is "nothing more than a renegotiation of loan terms. This renegotiation is the same activity that occurred when the loan was first originated; the only difference being that the loan is already in existence." See Armstrong v. Chevy Chase Bank, FSB, No. 11-05664 EJD, 2012 WL 4747165, at *4 (N.D. Cal. Oct. 3, 2012). Thus, Judge Davila explained in Armstrong that renegotiation "is one of the key functions of a money lender," and that loan modification is therefore "'a traditional money lending activity.'" Id. (quoting Settle v. World Sav. Bank, F.S.B., No. 11-800 MMM, 2012 WL 1026103 (C.D. Cal. Jan. 11, 2012) (collecting cases holding same and distinguishing Ansanelli). This Court agrees, and also finds that a lender undertakes no new duty by offering a loan modification. Id.; see also DeLeon v. Wells Fargo Bank, N.A., No. 10-01390 LHK, 2010 WL 4285006, at *4 (N.D. Cal. Oct. 22, 2010)

---

[4] Plaintiff's reliance on Das v. Bank of America, N.A., 186 Cal. App. 4th 727, 741 (2010), is misplaced. See Opp'n (dkt. 25) at 7. Though the court in Das, 186 Cal. App. 4th at held that "a bank may be liable in negligence if it fails to discharge its contractual duties with reasonable care," it went on to hold that the complaint there failed to state a claim because it alleged "no facts suggesting that respondent undertook a special fiduciary duty . . . through its agreements with him or in any other way." Here, too, such allegations are absent.

5

(holding that the defendant had no duty "to complete the loan modification process" and had been acting as an "ordinary lender").

This debate is a bit beside the point, as the FAC does not even allege that Wells Fargo promised Plaintiff a permanent loan modification. See FAC ¶ 28 (alleging only that Plaintiff made all payments under the trial modification period but that, upon successful completion of that period, Wells Fargo did not give Plaintiff a permanent loan modification). Ansanelli, 2011 WL 1134451, at *7, is therefore also distinguishable because in that case, Chase guaranteed that, if plaintiffs made timely payments on a trial modification plan, Chase would provide a permanent loan modification; in such circumstances, the court found that "defendant went beyond its role as a silent lender and loan servicer." See Ottolini v. Bank of America, No. 11-0477 EMC, 2011 WL 3652501, at *7 (N.D. Cal. Aug. 19, 2011) (distinguishing Ansanelli on this basis); see also Roussel v. Wells Fargo Bank, No. 12-4057 CRB, 2013 WL 146370, at *6 (N.D. Cal. Jan. 14, 2013) (citing Carpenter v. Bank of America, N.A., No. 12-973 LAB, 2013 WL 28772, at *2 (S.D. Cal. Jan. 2, 2013) for the proposition that a lender might have a duty to "properly route loan modification paperwork" but not "to give the distressed homeowner the answer he wants with respect to a loan modification").

The FAC's allegation that "Wells Fargo owed Plaintiff a duty to act in a reasonable manner in dealing with Plaintiff's loan modification requests," FAC ¶ 36, therefore fails to plausibly allege that Wells Fargo was acting as anything other than a traditional lender. As Plaintiff has again failed to allege a duty, he has again failed to state a claim for negligence. The Court therefore dismisses this cause of action, this time with prejudice. See McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (no error to deny amendment where amendment would be futile).

//
//
//
//

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion, with prejudice.

**IT IS SO ORDERED.**

Dated: February 25, 2013

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE